# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                              No. 19-CR-3796 WJ

GREGORY JOJOLA,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF WITNESS RODNEY ULIBARRI BY GRANTING A CONTINUANCE and
## ORDERING PARTIES TO ADVISE COURT OF TIME NEEDED TO SUPPLEMENT RECORD

THIS MATTER comes before the Court upon the Government's Motion to Exclude Expert Testimony Witness Rodney Ulibarri, or in the Alternative, Grant a Continuance, filed July 17, 2020 **(Doc. 37)**.  The Court finds the Government's motion well-taken and:

(1) agrees with the Government that Mr. Ulibarri's testimony falls with the category of expert testimony under Fed.R.Evid. 702; and

(3) orders the parties to submit a proposed scheduling order to allow Defendant time to supplement the record to comply with the requirements of Rule 16 and the Discovery Order governing this case (Doc. 11).

## BACKGROUND

Defendant is charged with Assault Resulting in Substantial Bodily Injury to an Intimate Partner and Assault of an Intimate Partner by Strangling and Suffocating, in violation of 18 USC §1153 and §113(a)(7) & (8).  Defendant has filed a Motion to Suppress Tangible Evidence (Doc. 19) which is currently pending for ruling, in which Defendant seeks to suppress evidence obtained during an allegedly unlawful search of his vehicle, including a knife and some photographs of the

knife and SUV, following his arrest for domestic violence.  For the hearing, Defendant plans on calling as a witness Rodney Ulibarri ("Ulibarri"), a former law enforcement officer from the Isleta Police Department ("IPD"), who will testify about law enforcement policies and procedures ("standard operating procedures") based on his training and experience.  Ulibarri was not a percipient witness to any of the underlying events.

The Government contends that Mr. Ulibarri should have been disclosed as an expert under Fed.R.Evid. 702 because this information and knowledge is clearly not available to the untrained layperson and is therefore "specialized understanding of the subject involved in the dispute" which brings the testimony squarely within Rule 702.  Defendant disagrees, claiming that Ulibarri's testimony should not be characterized as expert testimony because it is not subject to scientific or technical methodology or validity, but rather his "training and experience."  The Court must decide here whether Mr. Ulibarri's testimony falls under the category of testimony that is subject to the disclosure requirements of Rule 16 of the Federal Rules of Criminal Procedure.

## DISCUSSION

Federal Rule of Evidence 702 provides that: [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact at issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 701 governs lay witness testimony, providing that if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

## I.      Ulibarri's Testimony Qualifies as Expert Testimony Under Rule 702

The Government contends that Defendant is trying to evade the disclosure requirements for experts required under Fed.R.Crim.P. 16(b)(1)(C) and the discovery order in this case which entitles it to a summary of Ulibarri's intended expert testimony. *See United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001) (Rule 16 "requires a *summary* of the expected testimony, not a list of topics") (emphasis added); Doc. 11 at 4 (obligating Defendant to provide the United States with a "written summary of testimony the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial" upon the government's provision of similar information and upon the government's request).  Notice is considered deficient when it provides only "a list of the general subject matters to be covered" and fails to identify what testimony will be offered on those subjects. *Id.*

Defendant first notified the Government of his intent to call Ulibarri on July 1, 2020.  The Government requested discovery regarding Ulibarri's testimony that same day and again on July 13, 2020 but has yet to receive a written summary of the testimony or any information with respect to Ulibarri's qualifications.  Doc. 37-1.  Instead, Defendant has provided the Government only with a single sentence describing the basic topic on which Mr. Ulibarri's testimony will be grounded. The Government claims this in insufficient under Rule 16 and further questions Ulibarri's qualifications to testify on the topic of IPD policies and procedures.  Defendant claimed that Ulibarri was "somewhat familiar" with these procedures, yet at the same time requested a copy

of these procedures from the Government—which begs the question of how much Ulibarri is actually familiar with these policies and procedures. Doc. 37 at 3. The Government contends that it cannot adequately asses the relevance of Ulibarri's testimony or meaningfully challenge Ulibarri's qualifications to testify on this topic with only a bare description of a topic.

Defendant reports that Ulibarri will not provide testimony based on scientific, technical or specialized knowledge but rather based on his training and experience, and insists that because this case does not involve scientific testing or forensic evidence, Rule 702 doesn't come into play. Defendant claims that the testimony at issue "will be nothing more than [Ulibarri's] experiences as an officer working for IPD and his understanding of the standard operating procedures that governed how he was to do law enforcement duties." Doc. 44 at 3.

Defendant misapprehends both Rule 702 and the Court's gatekeeping role under that rule. Defendant's characterization of Ulibarri's testimony does not control whether Ulibarri's testimony must comply with the requirements of Rule 16(b)(1)(C). *See Dodge v. Cotter Corp.,* 328 F.3d 1212, 1221 (10th Cir. 2003) (trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline). What controls is the Court's analysis of the nature of the testimony, and the Court finds that it qualifies as Rule 702 "expert" testimony for several reasons:

(1) First, contrary to Defendant's understanding of Rule 702, testimony that is covered under that rule is not limited merely to the "scientific" and "technical" but rather extends to "all specialized knowledge." In *Daubert v. Merrell Dow Pharmaceuticals, Inc*., the United States Supreme Court addressed the district judge's role in ensuring the reliability and relevance of scientific testimony. 509 U.S. 579, 597 (1993). *Daubert* itself was limited to scientific evidence, but in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court made clear that

- 4 -

the gatekeeping obligation of the district courts described in *Daubert* applies not just to scientific testimony but to all expert testimony. *Id.* at 141; *see also* the 1972 Adv.Com. Notes for Federal Rule of Evidence 702. Thus, while a district court may consider the *Daubert* factors in determining the admissibility of non-scientific expert testimony to the extent they are relevant, *id*. at 150, those factors remain flexible and do not necessarily apply to all experts or in every case. The law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination. *Id.* at 141-42; *see Witherspoon v. Navajo Ref. Co., LP*, 2005 WL 5988649 at *3 (D.N.M., July 18, 2005) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

(2) Second, Defendant claims that Ulibarri's testimony is based on his training and experience. However, this description in itself does not define the testimony as lay witness testimony because specialized knowledge itself can be acquired through experience and training. *United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir. 2009) ("specialized knowledge" under Rule 702 can be acquired through both "experience" and "training."); *see* Rule 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise. . . .").

(3) Third, despite Defendant's protestations, Ulibarri's testimony can fairly be described as "specialized knowledge." Defendant tries to distinguish this case from a narcotics case where expert testimony by a law enforcement officer aids the jury in understanding the "modus operandi" of drug organizations and criminal enterprises with which the average layperson would not be familiar. Doc. 44 at 6 (citing *United States v. Rodriguez*, 125 F. Supp. 3d 1216, 1237 (D.N.M. 2015) (J. Browning). Defendant argues that unlike expert testimony in narcotics cases, Ulibarri's testimony here "is not of the sort the average jury is unable to understand on its own. . . ." because

it "can hardly be compared to understanding the inner workings of a criminal enterprise . . . ." Doc. 44 at 6.  This distinction is not dispositive.

Rule 701 allows lay witnesses to offer observations "that are common enough and require a limited amount of expertise, if any" (quoted case omitted).  *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (cited case omitted).  However, while law enforcement standard operating procedures are not exactly akin to the inner workings of a criminal enterprise, neither do they come within the realm of "common experience."  A trier of fact will not be able to intelligently determine whether IPD followed its standard operating procedures without the specialized knowledge of what those procedures are.  Thus, Mr. Ulibarri will be offering testimony that is based on "specialized knowledge" that is outside the realm of common observations and experiences, and as such that testimony cannot come under Rule 701.

According to Defendant, the salient issues raised in Defendant's motion to suppress concern whether IPD "followed the rules they are subject to in conducting the investigation as it pertains to the U.S. Constitution and the standard operating procedures of IPD." Doc. 44 at 4. Defendant also claims that "[t]here will be no testimony from the IPD witnesses [from either party] nor from Mr. Ulibarri that an average juror is not capable of resolving on their own."  *Id.*  If this is so, the Court must ask why defense counsel seeks to present Ulibarri's testimony in the first place? Defendant claims that Mr. Ulibarri has prior experience and knowledge as a former officer with IPD, making his testimony relevant for the trier of fact to know what the rules are and how he put them into practice during his employment with IPD.  If the jury needs Ulibarri to explain the IPD rules and enlighten the jury as to whether these rules were followed, then he is giving expert testimony under Rule 702.

(4) Fourth, Rule 701 testimony is limited (in part) to testimony that is rationally based on the witness' perception. Ulibarri *has* no perception of any of the underlying events because he did not witness any of those events. He will not be testifying to his perceptions but will be speaking solely from his former experience as an IPD law enforcement officer in *other* investigations—which means his testimony falls under Rule 702. This distinction is a bright line in the analysis and Defendant cannot avoid its ramifications. In *United States v. Smith,* the Government called an FBI agent to testify about his understanding of certain slang that was used by the defendant and others in recorded telephone conversations. 640 F.3d 358, 365 (D.C. Cir. 2011). The agent testified as a lay witness under Rule 701. On appeal the defendant argued that the agent's testimony necessarily constituted expert testimony and thus should not have been allowed as lay opinion testimony. Now United States Supreme Court Justice Kavanaugh agreed with the defendant:

> An individual testifying about the operations of a drug conspiracy because the knowledge of that drug conspiracy . . . should be admitted as a lay witness; an individual testifying about the operations of a drug conspiracy based on previous experiences with other drug conspiracies . . . should be admitted as an expert.

640 F.3d at 365. Since Mr. Ulibarri's proposed testimony about IPD's standard operating procedures is not based on his own personal knowledge of the underlying investigation, but rather his understanding based on his previous experiences with other investigations, he is offering expert testimony. *See, e.g., Clark v. District of Columbia,* 708 A.2d 632, 635 (D.C.1997); (in helping a jury understand something it would normally not be familiar with, such as the national standard of medical, an expert must do more than rely on his own experience or "simply . . . declare that the District violated the national standard of care"); *Butera v. D.C.,* 235 F.3d 637, 659 (D.C. Cir. 2001) (where expert was identifying specific police procedure standards by which the jury could measure the defendant's actions, expert was relying on more than his experience in referring to commonly

used police procedures to identify specific standards by which jury could measure defendant's actions).

Accordingly, because Mr. Ulibarri is being called upon to pass judgment on the actions of the Isleta Police Officers based on his specialized knowledge of their policies and procedures after the event in question, then this testimony is unequivocally expert testimony and is subject to the disclosure requirements under Federal Rule of Criminal Procedure 16.

## II.     Whether a Continuance is Warranted

The Government's requested relief is exclusion of Mr. Ulibarri as a witness at the suppression hearing.  In the alternative, the Government requests that the Court order Defendant to provide notice comporting with Rule 16(b)(1)(C).  Neither party is opposed to a continuance, should the Court find that Mr. Ulibarri's testimony constitutes Rule 702 testimony.

A hearing on Defendant's motion to suppress is currently set for November 24, 2020. Doc.55 (Order Setting Hrg).

**In light of the Court's ruling on the motion, parties shall therefore submit a joint status report to the Court within one (1) week of the entry of this Order, advising the Court as to the amount of time required for Defendant to conform with Rule 16 in supplementing the record.[1]**

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion to Exclude Expert Testimony Witness Rodney Ulibarri, or in the Alternative, Grant a Continuance **(Doc. 37)** is denied as to exclusion of the testimony, but granted insofar as the Court's finding that Mr. Ulibarri's testimony constitutes

---

[1] Time allowances should take into consideration, as Defendant notes, that Mr. Ulibarri's testimony may have to be vetted for reliability and relevance, should the Government present any *Daubert* challenges.  *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline).

Rule 702 testimony and, therefore, Defendant must comply with the disclosure requirements for

expert testimony under Rule 16.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE