IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                              No. 1:19-cr-03796-WJ

GREGORY JOJOLA,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTION TO DETAIN DEFENDANT PENDING SENTENCING**

THIS MATTER comes before the Court upon the Government's motion to detain Defendant pending sentencing, filed November 24, 2020 (**Doc. 66**). Having considered the motion, the Defendant's response (Doc. 67), the record before the Court, and the applicable law, the Court finds the Government's motion is well-taken, and is, therefore, **GRANTED**.

**BACKGROUND**

On October 22, 2019, a federal grand jury indicted Defendant with one count of assault resulting in substantial bodily injury to an intimate partner, in violation of 18 U.S.C. §§ 1153 and 113(a)(7), and two counts of assault of an intimate partner by strangling and suffocating, in violation of 18 U.S.C. §§ 1153 and 113(a)(8). Doc. 2. On November 24, 2020, Defendant appeared before this Court during a Zoom video conference hearing and pled guilty to Counts 1-3 of the Indictment under the terms of a plea agreement. Doc. 63–65. The Court accepted Defendant's guilty plea and his plea agreement and adjudged Defendant guilty of the offenses to which he plead guilty pursuant to the plea agreement.

1

At the plea hearing, the Government asserted that remand is mandatory in this matter barring exceptional circumstances and argued that Defendant's compliance with conditions of his pretrial release does not constitute exceptional circumstances. Doc. 64. The Court noted that a remote video conference hearing does not allow for immediate remand into custody. The Court instead directed the Government to file the instant motion. Defendant filed his response on November 25, 2020. Doc. 67.

## DISCUSSION

Pursuant to 18 U.S.C. § 3143(a)(2), the Court "shall order that a person who has been found guilty of [a crime of violence] and is awaiting imposition . . . of sentence be detained." When a defendant pleads guilty to a crime of violence, this mandatory detention provision applies unless an exception is found under § 3143(a)(2). Otherwise, the Court must find by clear and convincing evidence that Defendant is not a flight risk or a danger to the community and that Defendant "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). The Court cannot find an exception under § 3143(a)(2) in this case. Therefore, § 3145(c) governs the Court's ruling on this motion.

Here, the Government acknowledges that Defendant is not flight risk or a danger to the community. Doc. 66 at 7. In a memorandum to this Court, the United States Probation Office notes that Defendant has remained compliant with his conditions of release prior to his plea of guilty. Therefore, the Court's analysis is limited to whether Defendant can meet his burden of showing that "exceptional reasons" exist. *See United States v. Lopez*, 184 F.Supp.3d 1139, 1143 (D.N.M. 2016) (burden on defendant). Defendant asserts that his present circumstances show the Court "exceptional reasons," and further, that the current COVID-19 pandemic gives rise to "exceptional reasons." Doc. 67.

Courts have broad discretion in determining what constitutes "exceptional reasons." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003); *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991). However, there exists a consensus that a defendant must show "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008); *see also Garcia*, 340 F.3d at 1017 (stating that "exceptional reasons" exist where "a truly unusual circumstance" or combination of circumstances would make it unreasonable to order detention); *DiSomma*, 951 F.2d at 497 (emphasizing that the circumstances should be "out of the ordinary"). Simply put, "exceptional means clearly out of the ordinary, uncommon, or rare." *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010) (quoting *United States v. Little*, 485 F. 3d 1210, 1211 (8th Cir.2007)).

Defendant asserts that his circumstances are analogous to those present in the above-cited *Mutte*, a case in which exceptional reasons were established because the defendant (a.) did not pose a flight risk, (b.) lived in the same community as his victim without further harassment or incident, and (c.) was fully compliant with all conditions of his federal and tribal supervision. Doc. 67 at 4. Just as the *Mutte* court found that these circumstances established exceptional reasons, other courts have analyzed similar circumstances, yet concluded otherwise. *See e.g., United States v. Ganadonegro, 2012 WL 1132166, at \*5-6 (D.N.M. March 14, 2012)* (defendant's good reputation and compliance with court orders are not exceptional reasons). In their discretion, courts may find that detention is appropriate even when a defendant exhibits exemplary behavior. *See United States v. Larue*, 478 F. 3d. 924, 925 (8th Cir. 2008) (per curiam) (lack of criminal history, complying with pretrial release conditions, paying child support, and maintaining employment, either separately or in combination, are insufficient); *United States v. Little*, 485 F.3d 1210, 1210-11 (8th Cir. 2007) (stating full compliance with pretrial release conditions and timely appearance

3

at all court proceedings are not exceptional reasons); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (finding successful completion of substance abuse program not exceptional reason). Most courts agree that "purely personal" circumstances do not typically rise to the level of exceptional. *United State v. Smith,* 34 F.Supp.3d 541, 554 (W.D. Pa. 2014).

Defendant's assertion that the pandemic, alone or combined with his personal circumstances, gives rise to exceptional reasons is unpersuasive. La Pasada Halfway House, where Defendant currently resides and wishes to remain pending sentencing, has experienced a serious outbreak of COVID-19. Doc. 67 at 5. Defendant himself has already contracted the virus and recovered. *Id*. The Court is not unsympathetic to Defendant's health conditions, nor ignorant of the fact that the coronavirus has struck prisons and group living facilities hard. However, Defendant does not give the Court adequate reason to find that the pandemic gives rise to exceptional reasons in this case. His response does not alert the Court to any chronic health conditions caused by his COVID-19 infection or its interactions with any other medical impairments.[1]

After analyzing Defendant's circumstances under §3145(c), the Court finds that § 3143(a)(2)'s mandatory detention provision applies to this case.

## CONCLUSION

**Therefore**, for the reasons stated in this Memorandum Opinion and Order, the Court **GRANTS** the Government's motion to detain Defendant pending sentencing (Doc. 66).

---

[1] The Court notes that the World Health Organization ("WHO") has stated "most people infected with the COVID-19 virus will experience mild to moderate respiratory illness and recover without requiring special treatment." *See* https://www.who.int/health-topics/coronavirus#tab=tab_1 (last visited Nov. 25, 2020). Older people, and those with underlying medical problems like cardiovascular disease, diabetes, chronic respiratory disease, and cancer are more likely to develop serious illness. *Id.*

**DEFENDANT shall voluntarily surrender himself** by reporting to the Office of the United States Marshals Service located at the United States Courthouse, 333 Lomas Boulevard NW, Albuquerque, New Mexico, by **noon on Friday, November 27, 2020**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE